UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 12-10030-GAO

UNITED STATES OF AMERICA

v.

JOHN M. ANALETTO,
Defendant.

OPINION AND ORDER
January 24, 2013

O'TOOLE, D.J.

After hearing and careful consideration of the parties' arguments and submissions, I decline to modify the order for detention issued by the magistrate judge.

A defendant may be detained if the government establishes by clear and convincing evidence that there is "a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror." 18 U.S.C. § 3142(f)(2)(b). In the present case, the government's evidence has met that burden.

I have reviewed the undercover video and audio tapes, as did the magistrate judge. On several occasions the defendant, an active state police trooper, threatened to kill the confidential witness, intimidate victims with threats of violence to them and their families, and commit property damage. The government submitted other information from state police internal affairs files that indicates the defendant has used threats of physical or emotional harm in the past, often misusing his official status in the process. The government's evidence supports the conclusion that release, even with the conditions proposed by the defendant, will not assure that the

defendant will not attempt to obstruct justice in this case. The magistrate judge found that "the defendant's conduct in the weeks prior to his arrest raise a serious concern that he will obstruct or attempt to obstruct justice, threaten, injure, or intimidate or attempt to threaten, injure or intimidate a prospective witness." (Order of Detention 11 (dkt. no. 11).) This conclusion was reinforced by the evidence presented during the hearing before this Court.

The defendant tendered a psychiatric evaluation by forensic psychiatrist Dr. Robert H. Gray, who submitted a written report and testified at the hearing. While Dr. Gray opined that the defendant is not a danger to the community generally or to prospective witnesses particularly, that opinion should be understood in light of his recommendation that a condition of release be that the defendant undergo inpatient psychiatric therapy, possibly in a locked facility. This indicates that even Dr. Gray had reservations about the defendant's likelihood of abiding by release conditions unless his confinement was assured. Moreover, Dr. Gray acknowledged that he had learned facts about the defendant at the hearing that the defendant had not disclosed to him. Of particular importance, the doctor was not aware of the several internal affairs investigations involving the defendant during his career as a state trooper. That acknowledgement weakened considerably the force of his testimony in the defendant's favor.

The defendant's Motion (dkt. no. 13) to Revoke the Detention Order is DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge